IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LECREISHA HUBBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:20-cv-2199 |
| | ) |
| M&R HOTEL MANAGEMENT, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, Lecreisha Hubbert, for her complaint against Defendant, M&R Hotel Management, states the following:

**I. Parties**

1. Plaintiff is a resident of Indianapolis, Indiana.

2. Defendant is a company doing business in Marion County, Indiana.

**II. Jurisdiction and Venue**

3. This court has jurisdiction to hear these claims pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under Title VII and the Pregnancy Discrimination Act.

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III. Factual Allegations

5. Plaintiff began working for Defendant in October 2018.

6. Plaintiff was four (4) months pregnant when she was hired by Defendant.

7. Plaintiff disclosed to Defendant that she was pregnant when she was hired.

8. Plaintiff was an employee of Defendant.

9. The last position that Plaintiff worked for Defendant was a Front Desk Clerk.

10. At her termination, Plaintiff was making $10.50 per hour working for Defendant.

11. When she was first hired, Plaintiff's initial supervisor was Denise, the assistant manager.

12. Denise was in charge of making out the weekly schedule for the staff.

13. Plaintiff informed Denise that she received prenatal shots once a week on Friday mornings.

14. Plaintiff informed Denise that she would need Friday mornings off work or to start her shift after her doctor appointments on each Friday.

15. Denise took this into account when scheduling Plaintiff.

16. However, Denise was fired in late October or early November 2018.

17. Scheduling was now being performed by Roxanne, the manager.

18. Plaintiff informed Roxanne about the Friday morning prenatal shots and the need to schedule her work shifts around these appointments.

19. Plaintiff also gave Roxanne a note from her doctor discussing the weekly prenatal shots.

20. Despite Roxanne being on notice of Plaintiff's doctor appointments on Friday mornings, Roxanne scheduled Plaintiff to work on the morning of Friday, November 16, 2018.

21. Plaintiff arrived at her work shift late on November 16, 2018, after she had gone to her doctor appointment to get her prenatal shot.

22. Roxanne wrote Plaintiff up for being late despite being reminded that Plaintiff was at her weekly doctor appointment to get her prenatal shot.

23. On Sunday, November 18, 2018, Plaintiff admitted herself to Eskenazi Hospital worried that she was in labor.

24. Plaintiff text Roxanne early Sunday evening to let her know that she could not be at work at 6:00 a.m. on Monday, November 19, 2018 because the hospital was keeping her overnight.

25. Plaintiff was released from the hospital on Monday, November 19, 2018.

26. Plaintiff was given a return to work statement on Monday, November 19, 2018.

27. Upon information and belief, Roxanne did write up Plaintiff for missing work on Monday, November 19, 2018.

28. Plaintiff contacted Roxanne to try and work on Monday, November 19, 2018 after being released from the hospital.

29. However, Roxanne refused to put Plaintiff back on the schedule for Monday, November 19, 2018.

30. Roxanne also took Plaintiff off of the work schedule for Tuesday, November 20, 2018.

31. Roxanne informed Plaintiff that she was being terminated for attendance reasons on Tuesday, November 20, 2018.

32. Defendant discriminated against Plaintiff due to her sex and pregnancy by writing her up and firing her for missing work due to her pregnancy.

33. Defendant failed to accommodate Plaintiff's work schedule for her pregnancy related medical appointments in violation of Title VII and the Pregnancy Discrimination Act.

34. Defendant subjected Plaintiff to disparate treatment in violation of Title VII and the Pregnancy Discrimination Act.

35. Defendant violated Title VII and the Pregnancy Discrimination Act by failing to accommodate her pregnancy related doctor visits.

36. Defendant violated Title VII and the Pregnancy Discrimination Act by wrongfully terminating Plaintiff because of her pregnancy.

37. Defendant violated Title VII and the Pregnancy Discrimination Act by wrongfully terminating Plaintiff because of her pregnancy related medical visits.

38. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") complaining about these facts and making these allegations of discrimination and disparate treatment under Title VII and the Pregnancy Discrimination Act on May 17, 2019.

39. The EEOC issued a Notice of Rights to Plaintiff.

**Count I**
**Violations of Title VII**

40. Plaintiff incorporates paragraphs 1 through 39 by reference herein.

41. Plaintiff was discriminated against by Defendant due to her sex in violation of Title VII.

42. Defendant permitted Plaintiff to be discriminated against due to her sex in violation of Title VII.

43. Defendant permitted Plaintiff to be subjected to disparate treatment due to her sex in violation of Title VII.

44. Defendant violated Title VII by failing to accommodate her pregnancy related doctor visits.

45. Defendant violated Title VII by wrongfully terminating Plaintiff due to her sex.

46. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by Title VII.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

### Count II
### Violations of the Pregnancy Discrimination Act

47. Plaintiff incorporates paragraphs 1 through 46 by reference herein.

48. Plaintiff was discriminated against by Defendant due to her pregnancy in violation of the Pregnancy Discrimination Act.

49. Defendant permitted Plaintiff to be discriminated against due to her pregnancy in violation of the Pregnancy Discrimination Act.

50. Defendant permitted Plaintiff to be subjected to disparate treatment due to her pregnancy in violation of the Pregnancy Discrimination Act.

51. Defendant violated the Pregnancy Discrimination Act by failing to accommodate her pregnancy related doctor visits.

52. Defendant violated the Pregnancy Discrimination Act by wrongfully terminating Plaintiff due to her pregnancy.

53. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by the Pregnancy Discrimination Act.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV. Jury Demand

54. Plaintiff incorporates paragraphs 1 through 53 by reference herein.

55. Plaintiff demands a trial by jury.

          Respectfully submitted,

          WELDY LAW

          /s/Ronald E. Weldy
          Ronald E. Weldy, #22571-49
          Attorney for Plaintiff,
          Lecreisha Hubbert

Weldy Law
8383 Craig Street
Suite 330
Indianapolis, IN 46250
Tel: (317) 842-6600
E-mail: rweldy@weldylegal.com